# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0886** (Marshall County 2011-F-63)

**Allen W. Baker,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Allen W. Baker, by counsel Gregory L. Ayers, appeals the Circuit Court of Marshall County's order entered on July 3, 2012, which resentenced petitioner for purposes of appeal. Respondent State of West Virginia, by counsel Laura Young, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on one count of first degree sexual abuse against an eleven-year-old male, S.C.[1] Petitioner's nephew, Justin Caprita, witnessed the abuse which occurred at a party held at petitioner's home. Caprita states that he saw petitioner with his hands in S.C.'s pants. Although Caprita told S.C.'s parents to take the child home immediately, Caprita did not come forward with specific allegations until the day after the party, when he reported the touching to the State Police and then to S.C.'s parents. S.C. told other individuals that petitioner had touched him as well. Upon questioning, petitioner stated that "it's a possibility" that he touched S.C. on the bare penis and stated that he was "black out drunk" at the time. Moreover, when asked if he thought S.C. was lying, petitioner indicated that "I don't think he's lying because he told everybody I did this." S.C.'s mother later testified that S.C. told her what had occurred at the party.

Prior to trial, the court ordered all witnesses sequestered. Several witnesses testified that Caprita had told them what had occurred. S.C. testified as to what occurred, and at the time, petitioner alleges that S.C.'s step-father was present in the courtroom. After the defense's case-in-chief in which two witnesses testified that S.C. told them he lied about the allegations, the State called the step-father, who testified that S.C. never told the step-father he had lied. There was no objection to the step-father's testimony at the time or prior to the jury returning a verdict.

---

[1]As is the practice of this Court in sensitive matters and matters involving children, we refer herein to the juvenile referenced in this case by the juvenile's initials only.

1

Petitioner claimed that he did not know that the step-father was in the courtroom until someone told him after the trial was over.

The trial court denied the motion for a new trial. Petitioner was found guilty and sentenced to five to twenty-five years of incarceration, but this sentence was enhanced by a recidivist information to ten to twenty-five years. Petitioner filed a motion for a new trial, alleging that S.C.'s step-father violated the trial court's sequestration order.

With respect to a trial court's denial of a motion for a new trial, this Court has explained that,

> " '[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.,* 201 W.Va. 624, 499 S.E.2d 846 (1997). Syl. pt. 1, *Lively v. Rufus,* 207 W.Va. 436, 533 S.E.2d 662 (2000).

*State v. White*, 228 W.Va. 530, 536, 722 S.E.2d 566, 572 (2011).

On appeal, petitioner argues that the trial court abused its discretion in denying his motion for a new trial due to the State's rebuttal witness's violation of the trial court's sequestration order. Petitioner argues that the step-father tailored his testimony to S.C.'s claim that S.C. never indicated that he had lied about the allegations against petitioner, and that the step-father's bolstering of S.C.'s testimony was prejudicial. However, as the State argues in its response, there was no evidence that the step-father was in the courtroom. In fact, a review of the record shows that the trial judge specifically stated that he did not recall the step-father being present in the courtroom during S.C.'s testimony. Petitioner herein presented no evidence regarding the step-father's presence in the courtroom and offered no statement from the step-father or any other alleged witness to the step-father violating the sequestration order. Without evidence to support petitioner's claim, this Court cannot find that the circuit court erred in denying petitioner's motion for a new trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II